UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00715-FDW-DCK

THOMAS E. PEREZ, )
        )
   Plaintiff, )
        )
vs. )
        )   CONSENT JUDGMENT & ORDER
TIMOTHY W. DAVIS, CAROLINA )
STEEL & STONE, INC., & CAROLINA )
STEEL & STONE, INC. 401(k) PLAN )
        )
   Defendants.

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Timothy W. Davis ("Davis") and Carolina Steel & Stone, Inc. ("Carolina Steel & Stone"). Defendants Davis, Carolina Steel & Stone and the Secretary have agreed to resolve all matters in controversy in this action except for the imposition by Plaintiff of any penalty, if any, pursuant to ERISA § 502(c), 29 U.S.C. § 1132(c), and any proceedings related thereto, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.[1]

    A.    The Secretary's Complaint alleges that Defendants Davis and Carolina Steel & Stone breached their fiduciary duties with respect to the Carolina Steel & Stone, Inc. 401(k) Plan (the "Plan") by failing to discharge their duties under the Plan and by violating provisions of § 404 of ERISA, 29 U.S.C. § 1104, as set forth in the Complaint.

---

[1] For purposes of electronic filing, the Court has substituted electronic signatures on this document. The original signatures appear on Document 6-1.

B. Defendants Davis and Carolina Steel & Stone hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants Davis and Carolina Steel & Stone admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action, which may be required as a result of this Order.

C. Defendants Davis and Carolina Steel & Stone admit the allegations in the Complaint.

D. Defendants Davis and Carolina Steel & Stone expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants Davis and Carolina Steel & Stone. This Order is not binding upon any government agency other than the United States Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants Davis and Carolina Steel & Stone.

F. The Secretary and Defendants Davis and Carolina Steel & Stone expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants Davis and Carolina Steel & Stone, their agents, servants, employees and all persons in active concert or participation with them be and hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants Davis and Carolina Steel & Stone, with the exceptions as noted in paragraph 4 below, be and hereby are permanently enjoined from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA.

4. Defendant Davis may continue to act as a fiduciary and trustee only to the Plan and only until the Plan assets are distributed or otherwise transferred out of the Plan. Thus, Defendant Davis shall perform any such actions as are necessary to effectuate termination of the Plan and distribution of the Plan's assets.

    a. As Defendants represent that the Plan has been terminated, Defendant Davis shall provide Plaintiff, through her undersigned legal representatives, written confirmation of such within thirty (30) days of executing this Consent Order and Judgment;

    b. Defendant Davis shall provide Plaintiff, through her undersigned legal representatives, an accounting of the asset distributions to the Plan participants and beneficiaries. Transfers or conversions of participant accounts into other plans which are unrelated to the Plan at issue and which remove the assets from the purview of the Plan and Defendants shall be documented in this accounting. The accounting shall include the participants' and beneficiaries' names, addresses, social security numbers, dates of employment, and the distribution, transfer or conversion amounts;

c. In the event that Defendant Davis fails to distribute all of the Plan's cash assets to the participants and beneficiaries or fails to transfer or convert participant accounts to other plans which are unrelated to the Plan, on or before the time period indicated in paragraph 4a of this Consent Order and Judgment, Defendant, at the discretion of the Plaintiff, may be removed as trustee and fiduciary. Should the Plaintiff determine that it is necessary to remove Defendant, the Plaintiff shall recommend a successor fiduciary who shall be appointed by the Court upon the Plaintiff's motion;

d. In the event a successor trustee is appointed, Defendants Davis and Carolina Steel & Stone shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

6. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed, if any, under § 502(c) of the Act through administrative and judicial proceedings;

b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor;

c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

7. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

ORDERED.

Signed: July 27, 2015

Frank D. Whitney
Chief United States District Judge

*For Defendants*

By: */s/ Timothy W. Davis*
Timothy W. Davis
Individually, and President
Carolina Steel & Stone
Date: 7-14-15

*Counsel for the Secretary*

M. Patricia Smith
Solicitor of Labor

Stanley E. Keen
Regional Solicitor

Robert M. Lewis, Jr.
Counsel

By: */s/ Charna C. Hollingsworth-Malone*
Charna C. Hollingsworth-Malone

Date: 7-14-2015

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 302-5447
(404) 302-5438 (FAX)
Email: hollingsworth.charna@doj.gov
atl.fedcourt@dol.gov (Primary)